UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| IFTIKHAR ISA AHMED, | Civil No. 05-2388 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| ROBERT FENESIS, Warden, JOE W. COSGROVE, Associate Warden, and RALPH FLESHER, Kitchen Director, | |
| Defendants. | |

Iftikhar Isa Ahmed, # 195680, Minnesota Correctional Facility, 7600 525th Street, Rush City, MN 55069, plaintiff pro se.

Richard L. Varco, Jr., Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101, for defendants.

Plaintiff Iftikhar Isa Ahmed ("Ahmed") objects to the portion of the Magistrate Judge Order dated May 2, 2006, denying his request for appointment of counsel in this matter. As explained below, the Court affirms the order.

**BACKGROUND**

Plaintiff is a state prisoner incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota. He commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. Plaintiff sought leave to proceed

informa pauperis, and requested the Court appoint him counsel. In an order dated May 2, 2006, United States Magistrate Judge Franklin L. Noel granted plaintiff's motion for leave to proceed in forma pauperis, but denied his request to appoint him counsel. In his objection, plaintiff reiterates his request that the Court appoint him counsel.

## ANALYSIS

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### II. PLAINTIFF'S OBJECTION

As the Magistrate Judge noted, pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the Court

would benefit from representation by counsel for both parties.  *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Here, the Magistrate Judge found that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel.  In addition, the Magistrate Judge noted that plaintiff has the threshold ability to articulate his claims and argue his positions, and his submissions in this matter to date demonstrate that he has been able to communicate effectively with the Court.  The Magistrate Judge also determined that appointment of counsel would not substantially benefit plaintiff or the Court at this time.

The Court cannot conclude that the Magistrate Judge's Order is clearly erroneous or contrary to law.  The Magistrate Judge carefully considered the relevant factors in deciding whether to appoint counsel in denying plaintiff's request to appoint him counsel.  Accordingly, the Court overrules plaintiff's objection to the Magistrate Judge Order dated May 2, 2006.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order dated May 2, 2006 [Docket No. 18] is **AFFIRMED**.

DATED:  September 7, 2006                   s/ John R. Tunheim
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                                United States District Judge